# __EXHIBIT 3__



**Michael J. Carrigan**
**Phone** (303) 295-8314
**Fax** (303) 975-5489
mcarrigan@hollandhart.com

July 16, 2021

*Via email: anthony@paronichlaw.com*
*and First Class Mail*

Anthony Paronich
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043

> RE:    **Subpoena To Produce- Served July 7, 2021**
> **Moore v. Independence American Insurance**
> **Case No. 1:21-cv-02403 United States District Court, N.D. Illinois**

Dear Mr. Paronich:

Our firm serves as outside counsel for Find Quality Insurance, LLC ("FQI") and its related entities. I am writing in response to the above referenced subpoena. Please direct all future correspondence to me.

Pursuant to Rule 46(d)(2)(B), I am writing to advise you that FQI objects to your subpoena for the reasons below. While it is appears that FQI does not have information responsive or relevant to the subpoena, we are willing to confer with you on the concerns identified in this letter.

The subpoena is unreasonable and burdensome for a number of reasons. First, there is no date limitation whatsoever on the subpoena. As a result, we were required to pull a copy of your complaint and determined that the contacts alleged by plaintiff occurred no earlier than December 2020. However, FQI has searched it records and can find no evidence that the plaintiff's phone number was ever in its system. As a result, it appears that FQI has no information relevant to your client's claims. Further, FQI has records of transactions with only one entity included in the definition of "Defendant": Torchlight Technology Group, LLC ("Torchlight"). However, FQI's most recent transaction with Torchlight was in December 2019, making it even more unlikely that FQI is involved in the facts alleged in the complaint.

In addition to these general concerns, we have specific objections to the individual requests. Request No. 1 broadly seeks "[a]ll document and communications reflecting your process for obtaining numbers. . .". This request is unreasonably broad and could implicate a significant portion of documents in FQI's possession given that its "process" for gathering leads for Torchlight is the same as for any other customer. Additionally, responsive information would include FQI's confidential and proprietary methodologies, which include trade secrets. It

| Alaska | Montana | Utah |
| Colorado | Nevada | Washington, D.C. |
| Idaho | New Mexico | Wyoming |



Anthony Paronich
July 16, 2021
Page 2

is unreasonable for FQI to be obligated to produce such information, especially given that it appears the parties in this case have not obtained a protective order to limit the use and access of information produced.

Requests 2-5 are unreasonable for the reasons listed above: FQI's records reflect that its last transaction with Torchlight was more than a year before the events alleged in the complaint and, thus, are not reasonably likely to lead to discoverable information.

Based on the available information, FQI does not believe it has any information responsive to Requests 6 and 7, which only confirms that its operations are wholly unrelated to your client's claims in the litigation. To the extent the information sought in the subpoena is unrelated to the specific calls involving the plaintiff and, is instead intended to provide evidence to support claims the class action claims, it is unreasonable for FQI to have to interrupt its normal business operations for what is an obvious fishing expedition.

Finally, the subpoena is defective in that it does not provide a place for production within the jurisdiction of the judicial district in which it was served.

Should you wish to confer regarding these objections and discuss your basis for believing FQI has information relevant to your lawsuit, please contact me to discuss our objections. Absent that conferral, FQI contends this letter satisfies its obligations under the subpoena.

Respectfully,

Michael J. Carrigan
of Holland & Hart LLP

cc: Charles Harper (via email only to Charles.Harper@quarles.com)

Alaska
Colorado
Idaho

Montana
Nevada
New Mexico

Utah
Washington, D.C.
Wyoming